UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEHROOZ ZIDEHSARAI and<br>JUSTINA V. ZIDEHSARAI,<br><br>　　　　　Defendants. | No.  2:14-cv-2818 KJM-EFB<br><br><br>ORDER |

　　　　　The United States government ("government") brings this action to collect outstanding federal taxes from Behrooz Zidehsarai and Justina Zidehsarai (collectively, "the Zidehsarais") for federal income tax years 2004 through 2012.  This matter is before the court on the government's motion for partial summary judgment as to tax years 2010, 2011, and 2012.  Mot. for Summ. J., ECF No. 29.  The Zidehsarais filed no opposition.  The matter was submitted without a hearing on September 23, 2016.  ECF No. 33.  For the reasons explained below, the government's motion for partial summary judgment is GRANTED.

I.   PROCEDURAL HISTORY

On December 2, 2014, the government brought this tax collection suit against the Zidehsarais for all outstanding taxes and associated penalties for federal income tax years 2004 through 2012. Compl., ECF No. 1. To collect these taxes, the government first seeks a court determination that the Zidehsarais' tax liabilities for 2004 through 2012 are not "dischargeable debts" under the bankruptcy discharge statute (Count One). Second, the government requests a court order that declares the Zidehsarais' jointly and severally liable for the full amount of their outstanding tax liability for these eight tax years (Count Two). *Id.* ¶ 8.

The government now moves for partial summary judgment as to three tax years only, 2010 through 2012. Specifically, in this partial summary judgment motion, the government seeks: (1) a court determination that the Zidehsarais' unpaid tax liabilities for tax years 2010 through 2012 are not dischargeable under the bankruptcy discharge statute; and (2) a court order that reduces the amount of the Zidehsarais' tax liabilities for these three years to judgment. ECF No. 29 at 1–2.

II.   FACTUAL BACKGROUND

Because the Zidehsarais did not file an opposition to the instant motion or a statement of undisputed or disputed facts, the following facts are derived from the government's statement of undisputed material facts. Statement of Undisputed Facts (SUF), ECF No. 29-2. These facts are supported by the record. The court draws reasonable inferences in favor of the Zidehsarais. *Tolan v. Cotton*, ___U.S.___, 134 S. Ct. 1861, 1868 (2014) (per curiam).

Behrooz and Justina Zidehsarai have been married at all times relevant to this action. SUF 1. Behrooz Zidehsarai is an oncologist licensed to practice medicine in California and has owned and operated an oncology medical practice in Redding, California since 1977. SUF 2–3. Justina Zidehsarai is an office manager at her husband's oncology practice and has worked in that capacity since 1977. SUF 4; Tran Decl. Ex. 3 (Behrooz[1] Vol. I Dep.) at 11:20–25.

---

[1] Because defendants Behrooz and Justina Zidehsarai share a last name, the court uses their first names for ease of reference within certain citations. The court means no disrespect in doing so.

The Zidehsarais filed Form 1040 federal income tax returns with a filing status of "married filing jointly" for tax years 2010, 2011, and 2012, with the Internal Revenue Service ("IRS").  SUF 5. The details of the Zidehsarais' outstanding tax liabilities for tax years 2010 through 2012 are discussed in turn below.

### A.   The Zidehsarais' 2010 Tax Liability

On October 19, 2011, the Zidehsarais jointly filed a late tax return for their 2010 federal income taxes, and reported an income tax due of $27,575.00.  SUF 6–7.  The IRS accepted these tax returns and assessed the Zidehsarais a joint 2010 income tax of $27,575.00. SUF 7.  Because the Zidehsarais filed their tax return late, the IRA assessed an estimated tax penalty of $554.00, a late filing penalty of $5,832.67, a failure to pay tax penalty of $1,036.92, and accumulated statutory interest up to that date of $728.56.  SUF 8 (citing 26 U.S.C. §§ 6654, 6651, 6601, 6621(a)(2) & 26 C.F.R. § 301.6621-1).  On October 28, 2013, the Zidehsarais still had an outstanding balance owing on their 2010 taxes, and were assessed additional late filing penalties of $5,443.83 and statutory interest that had accumulated to $2,037.27.  SUF 8.  The IRS then notified the Zidehsarais of the above outstanding tax liability for tax year 2010, and made a demand for payment.  SUF 9.  In their responses to the government's requests for admission ("RFA"), the Zidehsarais admit they owe the income tax, penalty, and interest assessments described above.  SUF 10.  As of the date the government's motion was filed, June 30, 2016, the Zidehsarais' total outstanding tax liability for the 2010 tax year, taking into account all credits and payments, is $15,619.13.  SUF 11.  This total reflects the Zidehsarais' $28,231 bankruptcy discharge credit from January 22, 2015.  *See* Tran Decl. Ex. 5 at 2–3 (IRS Account Transcripts for federal income tax year 2010).

### B.   The Zidehsarais' 2011 Tax Liability

On October 15, 2012, the Zidehsarais jointly filed a timely tax return for their 2011 federal income taxes, and reported an income tax of $59,540.00.  SUF 14.  The IRS accepted this tax return and the Zidehsarais were assessed a joint 2011 income tax of $59,540.00. SUF 15.  Due to the outstanding balance on their 2011 taxes, on November 19, 2012 the IRS assessed an estimated tax penalty of $459.00, a failure to pay tax penalty of $2,242.32, and

3

accumulated statutory interest of $1,010.65. SUF 15. The IRS also notified the Zidehsarais of these outstanding 2011 tax liabilities, and made a demand for payment. SUF 16. In their responses to the government's requests for admission, the Zidehsarais admit they owe the amounts listed above. SUF 17. As of the date of this motion (June 30, 2016), the Zidehsarais' outstanding tax liability for the 2011 tax year is $72,475.70. SUF 18.

  C. The Zidehsarais' 2012 Tax Liability

On October 14, 2013, after receiving an extension from the IRS, the Zidehsarais jointly filed a tax return for their 2012 federal income taxes, and reported an income tax of $94,579.00. SUF 21. The IRS accepted this tax return and assessed the Zidehsarais 2012 income taxes of $94,579.00, plus an estimated tax penalty of $1,292.00, a failure to pay tax penalty of $3,758.04, and accumulated statutory interest of $1,690.63. SUF 22. The IRS notified the Zidehsarais of the above assessments, and made a demand for payment. SUF 23. In their responses to the government's requests for admission, the Zidehsarais admit they owe a balance on their federal income tax liabilities for tax year 2012, but dispute the amount. SUF 24; Tran Decl., Ex. 1 (Behrooz Response to RFA) at 9 ¶ 33, and Ex. 2 (Justina Response to RFA) at 9 ¶ 29. As of the date of its motion, the government submits the Zidehsarais' joint outstanding income tax liability for 2012 is $122,485.40. SUF 25.

  D. The Zidehsarais' Tax Liability for All Three Years (2010, 2011, 2012)

The government submits that as of the date its motion was filed the total outstanding balance of the Zidehsarais' joint federal income tax liability for 2010, 2011, and 2012, including statutory accruals through that date, is $210,580.23. SUF 26. This total represents the sum of the Zidehsarais' outstanding tax liability for 2010 ($15,619.13) plus 2011 ($72,475.70) and 2012 ($122,485.40). Interest and statutory accruals have continued to compound daily at various statutorily defined rates since the government's June 30, 2016 calculation. SUF 26 (citing 26 U.S.C. §§ 6601, 6621(a)(2); 26 C.F.R. § 301.6621-1). The Zidehsarais admit they have made no payments for federal income tax years 2010, 2011, and

1  2012 other than those credits and/or payments the IRS Account Transcripts[2] currently reflect.
2  SUF 27 (citing Tran Decl. Ex. 3 (Behrooz Vol. I Dep.) at 15-19, 22-24, 145:10-146:2, 147:23-
3  148:17, 149:15-149:25, 154:17-156:15).

    E.   The Zidehsarais' Petition for Bankruptcy

On December 23, 2013, the Zidehsarais petitioned for bankruptcy under Chapter 7 of the bankruptcy code, and on April 7, 2014, the bankruptcy court granted the Zidehsarais a discharge of debts they incurred prior to filing for bankruptcy. *See In re Behrooz Zidehsarai, et al.*, No. 13-35984 (E.D. Cal. filed Dec. 23, 2013)[3]; SUF 28–29.  The taxes at issue in this case are all debts the Zidehsarais incurred before filing for bankruptcy.  As such, the IRS filed a proof of claim[4] in the bankruptcy case to register the IRS's claim against the Zidehsarais' bankruptcy estate for all outstanding tax liabilities from 2004 through 2012.  SUF 28–29; ECF No. 1 ¶ 11. The government now seeks a court determination that the Zidehsarais' tax liabilities are not a "dischargeable debt" under the bankruptcy discharge statute.  ECF No. 1 ¶ 11.  Whether these tax liabilities are dischargeable under the bankruptcy code is a question the court must address before it can proceed to determine the government's right to collect these tax debts.

Next, the court reviews the legal standard on summary judgement, and their analyses of the two issues raised by the government's motion.

III.   LEGAL STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

---

[2] Tax Account Transcripts are documents generated by IRS after a taxpayer files an annual tax return.  The Account Transcripts reflect the amount of tax owed, and include the taxpayer's marital status, the type of return filed, the adjusted gross income and taxable income, plus any fines, penalties and interest assessed.  *See https://www.irs.gov/individuals/get-transcript.*

[3] The court takes judicial notice of the docket in this case in accordance with Federal Rule of Evidence 201(b).

[4] A proof of claim in United States bankruptcy law is a document filed with the bankruptcy court to register a claim against the assets of a bankruptcy estate. The claim sets out the amount that is owed to the creditor as of the date of the bankruptcy filing and, if relevant, any priority status. *See* http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Rule 56 also authorizes granting summary judgment on only part of a claim or defense, known as partial summary judgment. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought"). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. *See State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication); *ARC of Cal. v. Douglas*, No. 11–02545, 2015 WL 631426, at *3 (E.D. Cal. Feb. 13, 2015).

In either a full or partial motion for summary judgment, the moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . ; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48.

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). This is true even where the non-moving party files no opposition. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997). The Ninth Circuit has repeatedly held that it is error to grant a motion for summary judgment simply

because the non-moving party failed to oppose. *See id.* (citing *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.1993); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir.1981)). After all, "[t]he party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition." *Id.* (citation omitted).

The court now turns to the government's arguments for partial summary judgment in this case.

IV.  DISCUSSION

The government seeks partial summary judgment on two issues pertaining only to the Zidehsarais' outstanding tax liability for the 2010, 2011, and 2012 federal tax years. First, the government seeks a court determination that the Zidehsarais' income tax debt for 2010, 2011, and 2012 falls into the category of "non-dischargeable debts" under the bankruptcy code and is therefore unaffected by the bankruptcy court's April 7, 2014 general discharge of the Zidehsarais' debt. Second, the government seeks a court judgment against the Zidehsarais for all outstanding taxes and associated penalties for federal tax years 2010, 2011, and 2012. As noted, although the Zidehsarais filed no opposition to the government's motion for partial summary judgment, the absence of an opposition does not relieve the government of its burden. *Rogstad*, 126 F.3d at 1227. Thus, the court will construe the record in a light most favorable to the Zidehsarais in determining if the government meets its burden of proof on each issue.

  A. <u>Dischargeability of the Zidehsarais' Tax Debts Under 11 U.S.C. § 523(a)(1)(A) and (a)(7)</u>

The Zidehsarais filed for bankruptcy on December 23, 2013, and were granted a "debt discharge" on April 4, 2014. *See In re Zidehsarai*, No. 13-35984, Order April 7, 2014, ECF No. 28. In general, debtors who file a Chapter 7 bankruptcy petition may discharge their personal liability for all debts they incurred before filing the petition, including unpaid tax debts. *In re Hatton*, 220 F.3d 1057, 1060 (9th Cir. 2000) (citing 11 U.S.C. § 727(b)). Section 523(a) of the federal Bankruptcy Code, however, outlines certain exceptions whereby debts remain "non-dischargeable" and are therefore unaffected by a bankruptcy court's grant of debt discharge.

*Young v. United States*, 535 U.S. 43, 46 (2002) (citation omitted).  The government seeks a court determination that, as a matter of law: (1) the Zidehsarais' tax liability for 2010, 2011, and 2012, including any interest accrued on those amounts, is "non-dischargeable" under the Bankruptcy Code; and (2) the tax penalties and fines the government assessed against the Zidehsarais for their delay in paying their outstanding 2010, 2011, and 2012 taxes are similarly "non-dischargeable" under the Bankruptcy Code.  The court addresses each issue in turn below.

          1.      <u>Dischargeability of the Zidehsarais' 2010, 2011, and 2012 Income Taxes and Associated Interest</u>

The "non-dischargeable" debts referenced in section 523(a) of the Bankruptcy Code include any taxes specified in section 507(a)(8).  *See* § 523(a) (cross-referencing § 507(a)(8)).  One such non-dischargeable tax specified in § 507(a)(8) is any "tax on or measured by income or gross receipts—. . . for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. . . ." *Young*, 535 U.S. at 46 (citing § 507(a)(8)(A)(i)).  This particular exception from discharge is known as the "three-year lookback period." *Id*.  Thus, if the IRS has a claim for taxes that fall within the three-year lookback period, those taxes are "non-dischargeable" in bankruptcy under § 523(a)(1)(A).  Put another way, if a debtor files for bankruptcy on January 1, 2016 to relieve himself from past income tax debts, the only income tax debts he can "discharge" under this statute are those taxes that become due on January 1, 2013 or earlier, before the three-year lookback period.  All tax debts that became due on January 2, 2013 or later, meaning they came due within the three years leading up to his bankruptcy petition, are considered non-dischargeable under the statute.  *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i)

Here, the government argues the Zidehsarais' 2010, 2011, and 2012 income taxes became due within the three-year lookback period and are therefore non-dischargeable under 11 U.S.C. § 523(a)(1)(A) and (a)(7).  As noted, the Zidehsarais filed their bankruptcy petition under Chapter 7 of the Bankruptcy Code on December 23, 2013. *See* SUF 28, 30.  Three years before the date of the Zidehsarais' bankruptcy petition was December 23, 2010.  The Zidehsarais' tax debts covered by the government's motion became due on April 15, 2011 (for 2010), October 15,

8

2012 (for 2011), and October 15, 2013 (for 2012).  *See* SUF 6, 12, 19.  These three due dates are undisputed.  *See* SUF 8, 10, 15, 17, 24; Answer, ECF No. 8 at 3, ¶ 14; Tran Decl. Ex. 1 (Behrooz Response to RFA) at 3 ¶¶ 11-12, and Ex. 2 (Justina Response to RFA) at 3 ¶¶ 7–8.  All three of these dates postdate December 23, 2010, which means the Zidehsarais' taxes for these years were due within the "three-year lookback period" and the government's claim to this debt, including any interest that accrues on that debt, is "nondischargeable" under section 523(a)(1)(A).  Thus, the Zidehsarais are precluded as a matter of law from discharging their tax debts for 2010, 2011, and 2012 under the Bankruptcy Code.

The interest that accrues on this tax assessment is considered "integral to the tax debt itself," *In re Mark Anthony Const., Inc.,* 886 F.2d 1101, 1108 (9th Cir. 1989), and therefore is similarly non-dischargeable under section 523(a)(1)(A).

Accordingly, the court GRANTS the government's motion for summary judgment against the Zidehsarais as to the non-dischargeability of the Zidehsarais' federal income tax liability and associated interest for federal tax years 2010, 2011, and 2012.   Next, the court analyzes the dischargeability of the tax penalties and fines the government assessed against the Zidehsarais due to their failure to pay the balance on their 2010, 2011, and 2012 taxes.

        2.      <u>Dischargeability of the Tax Penalties and Fines the IRS Assessed Against the Zidehsarais' 2010, 2011, and 2012 Income Taxes</u>

The government also seeks a determination that the tax penalties and fines associated with the Zidehsarais' income taxes for 2010 through 2012 are "non-dischargeable" debts under the Bankruptcy Code.  The bankruptcy discharge provisions discussed above treat tax fines and penalties differently than the baseline income tax and accrued interest.  *See In re Mark Anthony Const., Inc.,* 886 F.2d at 1108 ("Penalties, unlike interest, are not normally considered integral to the tax debt itself....").  Section 523(a)(7) governs the dischargeability of debts that come in the form of a penalty or fine.  § 523(a)(7).  Section 523(a)(7) initially creates a class of debt that is excepted from discharge, and then outlines a few narrow exceptions within the class of debt that remains dischargeable.  Specifically, section 523(a)(7) provides:

> A discharge under. . . this title does not discharge an individual debtor from any debt.
>
> . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. § 523(a)(7)(A), (B).  This court interprets section 523(a)(7) to prohibit a debtor from discharging a "fine, penalty, or forfeiture" that he owes to the government, unless one of three exceptions applies: the fine, penalty, or forfeiture at issue is (1) "compensation for actual pecuniary loss"; (2) a type of tax penalty that is not mentioned in subsection (1), which addresses a "tax of customs duty"; or (3) a tax penalty that is based on an event that happened before the three-year lookback period.  11 U.S.C. § 523(a)(7)(A) and (B).

Here, the Zidehsarais' tax penalties and fines are "penalt[ies]. . . payable to . . . the government" and therefore at least initially fall within the class of non-dischargeable debt that section 523(a)(7) describes.  Additionally, the tax penalties assessed against the Zidehsarais do not fall within any of the three above-mentioned exceptions.  The penalties do not fall into the first exception for "compensation of pecuniary loss" because they were imposed as a punishment for the Zidehsarais' unlawful delay in paying taxes, and not as compensation to the state for efforts incurred in trying to collect these taxes.  *See United States v. La Franca*, 282 U.S. 568 (1931) (explaining a tax penalty is "compensation" if the "actual affect" of the penalty is to compensate the state for the act of collection processes, whereas a "penalty" is a "punishment for unlawful acts"); *see also In re Hovan, Inc*., 96 F.3d 1254, 1257 (9th Cir. 1996) (explaining "compensatory penalties" are directly tied to specific costs the state incurred).  These tax penalties also do not fall within the ambit of the second exception, because they are based on the Zidehsarais' income tax, and income tax is a type of tax specifically referenced in the relevant section of the statute.  *See* 11 U.S.C. § 507(a)(7)(A) (permitting discharge for taxes that are not

referenced in § 523(a)(1)); *see id*. § 523(a)(1) (cross-referencing taxes "on or measured by income" listed in § 507(a)(7)(A)).

Lastly, the tax penalties at issue here do not fall within the third exception, because the penalties are based on events that occurred less than three years before the filing of bankruptcy, namely the due dates of the Zidehsarais' 2010, 2011, and 2012 income taxes. 11 U.S.C. § 507(a)(8)(B). As discussed above, the "three-year lookback period" in this case extends to December 23, 2010. The due dates for the Zidehsarais' 2010, 2011, and 2012 income taxes were April 15, 2011, October 15, 2012, and October 15, 2013, respectively. These three "events" upon which the late filing tax penalties are based all postdate the December 23, 2010 three year mark, and therefore escape the protections of the third exception listed in 11 U.S.C. § 507(a)(8)(B). Because none of the three exceptions applies, the tax penalties the government assessed on the Zidehsarais' 2010, 2011, and 2012 taxes are non-dischargeable under 11 U.S.C. § 523(a)(1)(A) and (a)(7).

Accordingly, the court GRANTS the government's motion for summary judgment against the Zidehsarais as to the non-dischargeability of the Zidehsarais' federal income tax debt for 2010, 2011, and 2012, including fines, penalties, and interest. Having determined that the bankruptcy court's April 7, 2014 debt discharge does not relieve the Zidehsarais of their liability for their 2010, 2011, and 2012 income taxes, the court will next assess whether the government has provided sufficient proof of the amount of tax the Zidehsarais owe to support a court judgment.

B. <u>Judgment for the Zidehsarais' 2010, 2011, and 2012 Tax Liabilities</u>

The government contends summary judgment should be granted against the Zidehsarais for the assessments of unpaid taxes, penalties, and interest for income tax years 2010 through 2012. "'In an action to collect federal taxes, the government bears the initial burden of proof.'" *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004) (*quoting Palmer v. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997)); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). The government must prove the IRS properly assessed an amount of income tax liability and associated penalties against the taxpayers and that the government properly notified them of their

11

tax assessments and made demands for payment of those tax assessments. *Huff v. United States*, 10 F.3d 1440, 1445–47 (9th Cir. 1993); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

The government generally can meet this burden by submitting "Certificates of Assessments and Payments" from the IRS. *Huff*, 10 F.3d at 1445; *Stonehill*, 702 F.2d at 1293. Certificates of Assessments—or "Forms 4340"—are highly probative and, in the absence of contrary evidence, are sufficient to establish the IRS properly assessed the taxes, notified the taxpayers, and made demand for payment. *Huff*, 10 F.3d at 1445; *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) ("Official certificates, such as Form 4340, can constitute proof of the fact that the [tax] assessments were actually made.").

When supported by a minimal factual foundation, the court presumes the government's assessment of taxes and related penalties is correct. *See In re Olshan,* 356 F.3d at 1084; *Huff*, 10 F.3d at 1445 ("Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed...."); *Hughes*, 953 F.2d at 535; *Stonehill*, 702 F.2d at 1293-94 (citing *Welch v. Helvering*, 290 U.S. 111, 115 (1933)). In this context, "minimum factual foundation" means some independent area of the record supports the numbers shown in the assessment. *See, e.g., United States v. Cazares,* 121 F.3d 1241, 1246 (9th Cir.1997) (deciding there was a minimum factual foundation where the language in the superseding information to which defendant pled guilty supported the amounts in the assessment); *cf. Weimerskirch v. Comm'n*, 596 F.2d 358, 362 (9th Cir. 1979) (finding no minimum factual foundation where the Commissioner relied on the naked assertion that taxpayer made $30,000.00 from the sale of heroin where nothing in the record supported that figure). This minimal evidentiary requirement, however, is generally scrutinized only in "failure to report income" cases, where courts require the government to show at least some proof of the alleged missing income. *Palmer*, 116 F.3d at 1313 (explaining "[m]ost, but not all, of the cases requiring this evidentiary foundation have involved illegal sources of unreported income" and "at least one involved failure to report legal income") (citation omitted).

Once the presumption of correctness attaches, the onus is on the taxpayer to show the assessment is incorrect. *United States v. Rindskopf*, 105 U.S. 418 *2 (1881); *see*

12

*also Palmer,* 116 F.3d at 1312 (explaining taxpayer can rebut presumption of correctness with showing "that [the IRS'] determination is arbitrary, excessive or without foundation"); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (finding taxpayers' declaration that they did not receive notice of the tax assessment insufficient to show a genuine issue of fact for trial where IRS presented Form 4340). If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law for the unpaid assessments. *See United States v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964) ("if Molitor had adduced no evidence contesting the prima facie proof arising from the [United States' assessment of taxes]. . . the United States would have been entitled to judgment against Molitor in the [assessed] amount"); *see also United States v. Adams*, 358 F.2d 986, 994 (Ct. Cl. 1966) ("Since plaintiff has not refuted the presumption, it appears that defendant is entitled to judgment on . . . the total amount of $6,928.04, plus interest thereon as provided by law.").

Here, the government has submitted Certificates of Assessments that reflect the 2010, 2011, and 2012 income taxes and associated penalties the IRS assessed against the Zidehsarais. *See* Wambolt Decl. Exs. A, B, and C (Forms 4340 for federal income tax year 2010, 2011, and 2012). As a factual foundation to support these Certificates of Assessments, the government also has filed the Zidehsarais' self-reported income tax returns, which reflect the same income tax as the assessments. Tran Decl. Ex. 6 ¶ 2 (2010 Federal Income Tax Return), Ex. 7 ¶ 2 (2011 Federal Income Tax Return), and Ex. 8 ¶ 2 (2012 Federal Income Tax Return). The government also highlights various portions of the Zidehsarais' responses to the government's requests for admission in which they admit to owing the assessed amounts. *See* SUF 10, 17, 24 (citing Tran Decl. Ex. 1 (Behrooz Response to RFA) at 8–9 ¶¶ 31–33, and Ex. 2 (Justina Response to RFA) at 8–9 ¶¶ 27–29). Based on these filings, the government has made out a prima facie case of a valid assessment of the Zidehsarais' income tax liability for 2010, 2011, and 2012. Here as well, although the Zidehsarais did not file an opposition, the court nonetheless reviews the record in the light most favorable to the Zidehsarais to determine if anything in the record discloses a material dispute over the amount of tax liability the government seeks. *See Tolan*, 134 S. Ct. at 1868. The court will address each of the three tax years in turn below.

1.   The Zidehsarais' 2010 Income Tax Liability

The Zidehsarais' joint 2010 tax return reports a federal income tax of $27,575.00. Tran Decl. Ex. 6 ¶ 2 (2010 Federal Income Tax Return). The Zidehsarais' self-reported income tax is the same as the income tax reflected in the IRS's Certificate of Assessment. *See* Wambolt Decl. Ex. A at 3 ¶ 5 (Form 4340 for federal income tax year 2010 listing income tax as $27,575.00). The IRS later assessed statutory interest, as well as late fines and penalties, based on this reported income tax. SUF 8. In their response to the government's requests for admission, the Zidehsarais admit they owe these assessed tax liabilities, including fines, penalties and interest for 2010. Tran Decl. Ex. 1 (Behrooz Response to RFA) at 8 ¶ 31, and Ex. 2 (Justina Response to RFA) at 8 ¶ 27. The court finds nothing in the record that casts doubt on the validity of the government's 2010 income tax assessment. As such, the government's assessment of the Zidehsarais' 2010 income taxes, plus the assessed interest, penalties, and fines through the government's June 30, 2016 calculation, is valid as a matter of law. *See Adams*, 358 F.2d at 994.

Additionally, the government seeks summary judgment on the unassessed statutory interest that has and will continue to accrue on the Zidehsarais' 2010 tax assessment from June 30, 2016 until paid in full. Under 26 U.S.C. sections 6601(a) and (e)(2)(A), 6621, and 6622, the government is entitled to statutory interest on income taxes and associated penalties imposed as of the date of notice and demand, until fully paid. *See Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993). Once a court validates a tax assessment, awarding statutory interest is mandatory. *See id.* (noting § 6601(e)(2)(A) is a "binding statutory directive" to award interest). Because the court validates the government's 2010 tax assessment here, the government's request for statutory interest is indisputable.

Thus, the court GRANTS the government's motion for summary judgment with respect to the 2010 federal income tax assessments against the Zidehsarais, including any accumulated statutory interest. As of June 30, 2016, the Zidehsarais' total outstanding 2010 tax

liability is $15,619.13.[5]  SUF 11.  Of that amount, $13,352.66 is the balance due on the initial assessment and subsequent assessed late fees, penalties and interest, and the remaining $2,266.47 is the accrued but unassessed statutory interest.  SUF 11.

The court hereby ORDERS that judgment be entered against the Zidehsarais in the amount of $15,619.13, plus any associated penalties, fines, and interest that will continue to accrue daily until paid in full.

    2.  The Zidehsarais' 2011 Tax Liability

The Zidehsarais' joint 2011 tax return reported an income tax of $59,540.00.  Tran Decl. Ex. 7 (2011 Federal Income Tax Return).  The Zidehsarais self-reported income tax is the same as the income tax reflected in the IRS's Assessment for 2011.  Wambolt Decl. Ex. B at 3 (Form 4340 for federal income tax year 2011 reflecting income tax of $59,540.00).  The IRS later assessed statutory interest, as well as late fines and penalties, based on this reported income tax.  SUF 15.  In their response to requests for admissions, the Zidehsarais admit they owe the assessed 2011 tax liability, including fines, penalties, and interest.  Tran Decl. Ex. 1 (Behrooz Response to RFA) at 9, and Ex. 2 (Justina Response to RFA) at 8–9 ¶ 28.  Thus, the court finds the government's assessment of the Zidehsarais' 2011 income taxes, plus interest, penalties, and fines through the government's June 30, 2016 calculation, is valid as a matter of law.  *See Adams*, 358 F.2d at 994.

The government also seeks summary judgment on the unassessed statutory interest that has accumulated on the Zidehsarais' 2011 tax assessment since the June 30, 2016 calculation, and will continue to accrue until paid in full.  As discussed above, once a court validates a tax assessment, awarding statutory interest on that assessment is mandatory.  *Purcell*, 1 F.3d at 943.  Because the court validates the government's 2011 tax assessment here, the government's request for statutory interest here as well is indisputable.

---

[5] As noted above, the outstanding balance is less than the initial assessment due to a $28,231.59 bankruptcy credit/payment.  Wambolt Decl., Ex. D (IDRS INTSTD for federal income tax year 2010) at 2.

Thus, the court GRANTS the government's motion for summary judgment with respect to the 2011 federal income tax assessment against the Zidehsarais, including any accumulated statutory interest. As of June 30, 2016, the outstanding balance on the Zidehsarais' 2011 tax assessment is $72,475.70. SUF 18. Of that total, $53,966.12 is the balance due on the assessment, and the remaining $18,509.58 is the unassessed statutory interest. SUF 18.

The court hereby ORDERS that judgment be entered against the Zidehsarais in the amount of $72,475.70, plus any associated penalties, fines, and interest that will continue to accrue daily until paid in full.

### 3. The Zidehsarais' 2012 Tax Liability

The Zidehsarais' joint 2012 tax return reports an income tax due of $94,579.00. Tran Decl. Ex. 8 (2012 Federal Income Tax Return) at 3. The Zidehsarais' self-reported income tax is the same as the income tax reflected in the IRS's Certificate of Assessment for that year. Wambolt Decl. Ex. C at 3 (Form 4340 for federal income tax year 2012 reflecting income tax due of $94,579.00). Based on this income tax amount, the IRS assessed late filing fines, penalties, and statutory interest against the Zidehsarais. Wambolt Decl. Ex. C at 3, 5. The Zidehsarais admit they owe a balance on their federal income tax liabilities for tax year 2012. Tran Decl. Ex. 1 (Behrooz Response to RFA) at 9 ¶ 33, and Ex. 2 (Justina Response to RFA) at 9 ¶ 29.

There is a potential factual dispute concerning the amount of tax the Zidehsarais owe for 2012. This dispute is based on the Zidehsarais' responses to the government's requests for admission, in which they both deny the amount of their 2012 tax liability and claim the Account Transcript reflects a different number. *See* Tran Decl. Ex. 1 (Behrooz Response to RFA) at 9 ¶ 33, and Ex. 2 (Justina Response to RFA) at 9 ¶ 29. However, neither defendant provides further detail or explanation. Upon the court's review, the numbers for the Zidehsarais' 2012 tax assessment, which were recited in the government's request for admission, directly mirror the numbers listed in the Account Transcript for that year. *Compare* Tran Decl. Ex. 5 at 6–7 (IRS Account Transcripts for federal income tax years 2010, 2011, and 2012 listing a 2012 reported tax of $ 94,579; a penalty for not pre-paying taxes of $1,292, a penalty for late payment of tax of $3,578.04, and interest charged for late payment of $1,690.63), *with* Tran Decl. Ex. 1 (Behrooz

1  Response to RFA) at 9 ¶ 33, and Ex. 2 (Justina Response to RFA) at 8 ¶ 29 (both listing a 2012
2  tax of $94,579, a "failure to pay estimated tax penalty" of $1,292, a "failure to pay tax penalty" of
3  $3,578.04, and $1,690.63 in interest).
4        Without additional explanation from the Zidehsarais as to why they believe the
5  numbers in the Account Transcript differ from those in their responses to the government's
6  requests for admission, the record ultimately does not support a genuine dispute of material fact.
7  *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (the court is
8  not required to "comb the record" to find some reason to deny summary judgment).  The
9  Zidehsarais therefore have not rebutted the presumption of correctness accorded the government's
10 assessment of their 2012 tax liabilities.  Accordingly, the government's 2012 tax assessment
11 calculated through June 29, 2016 is valid as a matter of law.  As discussed above, the government
12 is also entitled to unassessed statutory interest on the 2012 income tax debts, which accrues daily
13 until paid in full.   *Purcell*, 1 F.3d at 943.
14        As of June 30, 2016, the Zidehsarais' joint outstanding income tax liability for
15 2012 is $122,485.40.  SUF 25.  Of that amount, $95,578.37 is the balance due on the assessment,
16 and $26,907.03 is the accrued statutory interest that the Treasury has not yet assessed against the
17 Zidehsarais.  SUF 25.  The court hereby ORDERS that judgment be entered against the
18 Zidehsarais in the amount of $122,485.40, plus any associated penalties, fines, and interest that
19 will continue to accrue daily until paid in full.
20 V.    CONCLUSION
21        Based on the foregoing, the court finds the Zidehsarais jointly and severally liable
22 for the full amount of income tax the government assessed against them for 2010, 2011, and
23 2012, plus associated interest, penalties, and fines.  Accordingly, the court GRANTS the
24 government's motion for partial summary judgment.  The Zidehsarais are hereby ORDERED to
25 pay a combined total amount of $210,580.23, plus statutory penalties and interest that has accrued
26 and will continue to accrue every day until paid in full.
27 /////
28 /////

This order resolves ECF No. 29.

IT IS SO ORDERED.

DATED: November 10, 2016.

_____
UNITED STATES DISTRICT JUDGE